IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELES AG INFORMATIONSTECHNOLOGIEN,<br><br>           Plaintiff,<br><br>v.<br><br>QUINTUM TECHNOLOGIES, INC.,<br><br>         Defendant. | C.A. No. 06-197-SLR<br><br>**DEMAND FOR JURY TRIAL** |

### ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANT QUINTUM TECHNOLOGIES, INC.

Defendant Quintum Technologies, Inc. ("Quintum"), having its principal place of business at 7 James Way, Eatontown, NJ 07724, by way of its Answer to the Complaint of plaintiff Teles AG Informationstechnologien ("Teles"), states as follows:

1.      Quintum admits that Teles has brought suit for patent infringement under the patent laws of the United States, Title 35, United States Code.

### PARTIES

2.      Quintum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2, except that it admits, upon information and belief, that Teles is a corporation organized and existing under the laws of Germany.

3.      Quintum admits the allegations of paragraph 3.

### JURISDICTION AND VENUE

4.      Quintum admits that Teles has sued for patent infringement, and need not respond to Teles' conclusion as to this Court's subject matter jurisdiction.

5.      Quintum denies the allegations in paragraph 5, except that it admits that it a corporation organized and existing under the laws of the State of Delaware.

6.      Quintum denies that any of its conduct constitutes patent infringement, but admits that venue is appropriate in this District.

## AVERMENT OF FOUNDATIONAL FACTS

7.      Quintum is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, except that Quintum admits that U.S. Patent No. 6,954,453 ("the '453 Patent") indicates that it was issued on October 11, 2005, to the named inventors for an invention entitled "Method for Transmitting Data in a Telecommunication Network and Switch for Implementing Said Method."

8.      Quintum is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.      Quintum is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.     Quintum admits the allegations in paragraph 10.

11.     Quintum admits the allegations of paragraph 11; however, Quintum further states that EP 0 929 884 has since been invalidated by the German Patent Court.

## INFRINGEMENT OF THE '453 PATENT

12.     Quintum restates and incorporates herein its responses to the allegations of paragraphs 1 through 11.

13.     Quintum denies the allegations in paragraph 13.

14.     Quintum denies the allegations in paragraph 14.

15.     Quintum denies the allegations in paragraph 15.

16.     Quintum denies the allegations in paragraph 16.

17.     Quintum denies the allegations in paragraph 17.

## FIRST AFFIRMATIVE DEFENSE

Upon information and belief, Teles fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Upon information and belief, Teles' Complaint is barred by the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

Upon information and belief, Teles' Complaint is barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, Teles' Complaint is barred by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, the making, use, sale, offer for sale and/or importation of any Quintum apparatus, system, device, product or method does not infringe and has not in the past infringed any claim of the '453 Patent.

## SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, the '453 Patent is invalid on the grounds that the purported invention fails to meet the conditions of patentability specified in 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103 and 112.

## PRAYER FOR RELIEF

WHEREFORE, Quintum prays for an Order:

1.      Dismissing Teles' claims against Quintum with prejudice;

2.      Awarding to Quintum its costs, including attorneys' fees, pursuant to 35 U.S.C. § 285; and

3.      Granting such other and further relief to Quintum as the Court may deem appropriate.

## COUNTERCLAIM

### Parties

1.      Quintum Technologies, Inc. ("Quintum") is a corporation existing under the laws of Delaware, with a principal place of business in Eatontown, NJ.

2.      Upon information and belief, Teles AG Informationstechnologien ("Teles") is a corporation organized and existing under the laws of Germany.

### Jurisdiction and Venue

3.      This Court has subject matter jurisdiction over Quintum's Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 35 U.S.C. § 1 *et seq.,* and 28 U.S.C. §§ 2201 and 2202.

4.      On or about March 24, 2006, Teles commenced a civil action for alleged infringement of the '453 Patent by filing a Complaint in this Court against, *inter alia,* Quintum. As a consequence, there is an actual justiciable controversy between Quintum and Teles concerning Quintum's alleged infringement of the '453 Patent, and the validity and enforceability of the '453 Patent.

5.      This Court has personal jurisdiction over Teles because, *inter alia,* in filing the Complaint, Teles has submitted itself to the jurisdiction of the Court.

6.      Venue is proper in this District over Quintum's Counterclaim because Teles filed the Complaint in this matter.

## First Count
(Declaratory Judgment of Noninfringement)

7.      Quintum repeats and re-alleges the allegations of Paragraphs 1-6 of the Counterclaim as if fully set forth herein.

8.      Upon information and belief, Quintum is entitled to a declaratory judgment that the making, use, sale, offer for sale and/or importation by Quintum of any apparatus, system, device, product or method does not infringe and has not in the past infringed any claim of the '453 Patent.

## Second Count
(Declaratory Judgment of Patent Invalidity)

9.      Quintum repeats and re-alleges the allegations of Paragraphs 1-8 of the Counterclaim as if fully set forth herein.

10.     Upon information and belief, Quintum is entitled to a declaratory judgment that the claims of the '453 Patent are invalid on the ground that the purported invention fails to meet the conditions of patentability specified in 35 U.S.C. § 1 *et seq.*

11.     In June 2004, Teles initiated an action in a German court in Mannheim, Germany, against Quintum for infringement of EP 0 929 884, which is the European counterpart of the '453 Patent.  Upon information and belief, on or about April 5, 2006, the German Patent Court in Munich nullified EP 0 929 884 finding that the patent lacked an inventive step.

## PRAYER FOR RELIEF

WHEREFORE, Quintum prays for an Order:

1.     Declaring that the making, use, sale, offer for sale and/or importation by Quintum of any apparatus, system, device, product or method does not infringe and has not in the past infringed any claim of the '453 Patent.

2.     Declaring that the '453 Patent is invalid;

3.     Awarding Quintum its costs and attorneys' fees pursuant to 35 U.S.C. § 285; and

4.     Granting to Quintum such further relief as the Court may deem appropriate.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com
   *Attorneys for Defendant*
   *QUINTUM TECHNOLOGIES, INC.*

OF COUNSEL:
Gerald Levy
Richard H. Brown
PITNEY HARDIN LLP
7 Times Square
New York, NY  10036-7311
(212) 297-5800

May 15, 2006

520334

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 15, 2006, I caused to be electronically filed the Answer, Affirmative Defenses And Counterclaim Of Defendant Quintum Technologies, Inc. with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Steven J. Balick
> Ashby & Geddes

I also certify that copies were caused to be served on May 15, 2006, upon the following in the manner indicated:

### BY HAND

> Steven J. Balick
> Ashby & Geddes
> 222 Delaware Avenue
> Wilmington, DE 19801

### BY FEDERAL EXPRESS

> Michael D. Kaminski
> Foley & Lardner LLP
> 3000 K Street, N.W., Suite 500
> Washington, DC 20007-5109

> Andrea M. Augustine
> Foley & Lardner LLP
> 321 North Clark, Suite 2800
> Chicago, IL 60610

> /s/ Rodger D. Smith II
> Rodger D. Smith II (#3778)
> Morris, Nichols, Arsht & Tunnell LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19899-1347
> (302) 658-9200
> rsmith@mnat.com