IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELES AG INFORMATIONSTECHNOLOGIEN, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 06-197-SLR ) |
| QUINTUM TECHNOLOGIES, INC., | ) ) ) |
| Defendant. | ) ) ) |

## SCHEDULING ORDER

This ____ day of _____, 2006, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b),

IT IS ORDERED that:

1.  **Pre-Discovery Disclosures.** The parties will exchange by July 21, 2006 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2.  **Discovery.**

    (a)  The parties anticipate requiring discovery from each other and third-parties to support their claims, affirmative defenses, and/or counterclaims, including discovery regarding Teles' claims of infringement, willfulness and damages, and Quintum's claims of invalidity and noninfringement.

    (b)  All fact discovery shall commence on July 25, 2006, and shall be completed by April 30, 2007.

        (1)  Document production shall be completed on or before January 30, 2007.

(2) Maximum of 25 interrogatories by each party to any other party.

(3) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof.

(4) Maximum of 50 requests for admission by each party to any other party.

(5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6) Maximum of 100 hours for depositions of all witnesses, except expert witnesses. Each party may petition the Court for additional deposition testimony upon the showing of good cause.

(c) Expert discovery shall be commenced in time to be completed by July 29, 2007.

(1) Expert reports on issues for which the parties have the burden of proof due May 25, 2007. Rebuttal expert reports due June 25, 2007.

(2) Expert depositions to be limited to a maximum of 7 hours unless extended by agreement of the parties.

(3) All <u>Daubert</u> motions shall be filed no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

(d) Quintum shall advise Teles by January 12, 2007 whether it intends to rely on advice of counsel in defense to Teles' charge of willful infringement. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by Quintum to its

2

counsel and whatever other materials related to the issues in dispute that Quintum had in its possession at the time the advice was sought.

(e)     Supplementations under Rule 26(e) shall take place in a timely manner throughout discovery, but at the very least shall be made on December 20, 2006 and March 15, 2007.

(f)     **Discovery Disputes.**

(1)     The court shall conduct an in-person discovery status conference on October 26, 2006, at 4:30 p.m.

(2)     The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3)     Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g)     **Fact Witnesses to be Called at Trial.**  Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial.  Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial.  The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case.  Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

(h)    **E-mail Discovery**

The parties shall exchange lists by July 21, 2006 of the most likely custodians of highly relevant e-mail materials, including their titles and a brief description of their responsibilities. The parties agree to initially examine the hard drives of the most likely custodians for highly relevant e-mail materials, including individuals listed on the parties' Initial Disclosures, and their co-workers, and produce those accordingly. The parties agree to examine the hard drives of select individuals identified by August 25 2006, by the other party on the basis of discovery for highly relevant e-mail materials.

E-mail shall be produced in a timely manner in accordance with the Federal Rules of Civil Procedure after document requests have been received. The parties shall provide e-mail to the requesting party as image files (either PDF or TIFF), in hard copy, or in a format as otherwise mutually agreed upon in writing. E-mail that contains privileged information or attorney work product shall be immediately returned if the documents appear on their face to have been inadvertently produced or upon notice of the inadvertent production by the producing party within a reasonable time. Costs of discovery shall generally be borne by each party. The court may apportion the costs of e-mail discovery upon a showing of good cause.

3.    **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before December 4, 2006. The December deadline is predicated on the fact that Teles has a divisional application on file with PTO with claims that have been allowed, and Teles has indicated that it may seek to amend its Complaint to assert that patent when it issues.

4.    **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5.  **Claim Construction Issue Identification.** If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on February 13, 2007, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to Paragraph 7 below.

6.  **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before September 7, 2007. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court.

7.  **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on July 23, 2007, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on July 23, 2007. Simultaneous response briefs should be filed by August 22, 2007. Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s). The hearing on the claim construction and motion(s) for summary judgment will be heard on October 12, 2007, at 10:00 a.m.

8.  **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. The Court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the Court.

(a)     Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

(b)     No telephone calls shall be made to chambers.

(c)     Any party with an emergency matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

9.    **Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10.    **Pretrial Conference.** A pretrial conference will be held on January 8, 2008, at 4:30 p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11.    **Trial.** This matter is scheduled for a two-week jury trial commencing on January 22, 2008, in courtroom 6B, Sixth Floor, Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

                                                                                  _____
Honorable Sue L. Robinson
United States District Judge

170853.1