IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELES AG INFORMATIONSTECHNOLOGIEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>QUINTUM TECHNOLOGIES, INC.,<br><br>　　　　　Defendant. | C. A. No. 06-197-SLR<br><br>**DEMAND FOR JURY TRIAL** |

**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT AND COUNTERCLAIMS OF DEFENDANT QUINTUM TECHNOLOGIES, INC.**

Defendant Quintum Technologies, Inc. ("Quintum"), having its principal place of business at 71 James Way, Eatontown, NJ 07724, by way of an Answer to the Amended Complaint for Patent Infringement of plaintiff Teles AG Informationstechnologien ("Teles"), says:

1. Quintum admits that Plaintiff has brought suit for patent infringement under the patent laws of the United States, Title 35, United States Code.

**PARTIES**

2. Quintum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2, except that it admits, upon information and belief, that Teles is a corporation organized and existing under the laws of Germany.

3. Quintum admits the allegations of paragraph 3.

**JURISDICTION AND VENUE**

4. Quintum admits that Plaintiff has sued for patent infringement, and need not respond to Plaintiff's conclusion as to this Court's subject matter jurisdiction.

5. Quintum denies the allegations in paragraph 5, except that it admits that it is a corporation organized and existing under the laws of the State of Delaware.

6. Quintum admits that venue is appropriate in this District.

## AVERMENT OF FOUNDATIONAL FACTS

7. Quintum is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, except that Quintum admits that U.S. Patent No. 6,954,453 ("the '453 Patent") states that it was issued on October 11, 2005 to the named inventors for an invention entitled "Method for Transmitting Data in a Telecommunications Network and Switch for Implementing Said Method."

8. Quintum is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. Quintum is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10. Quintum is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, except that Quintum admits that U.S. Patent No. 7,145,902 ("the '902 Patent") states that it was issued on December 5, 2006 to the named inventors for an invention entitled "Method for Transmitting Data in a Telecommunications Network and Switch for Implementing Said Method."

11. Quintum is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12. Quintum is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13. Quintum admits the allegations in paragraph 13.

14. Quintum admits the allegations of paragraph 14.

15. Quintum admits the allegations of paragraph 15.

## **INFRINGEMENT OF THE '453 PATENT**

16. Quintum restates and incorporates herein its responses to the allegations of paragraphs 1 through 15.

17. Quintum denies the allegations in paragraph 17.

18. Quintum denies the allegations in paragraph 18.

19. Quintum denies the allegations in paragraph 19.

20. Quintum denies the allegations in paragraph 20.

21. Quintum denies the allegations in paragraph 21.

## **INFRINGEMENT OF THE '902 PATENT**

22. Quintum restates and incorporates herein its responses to the allegations of paragraphs 1 through 21.

23. Quintum denies the allegations in paragraph 23.

24. Quintum denies the allegations in paragraph 24.

25. Quintum denies the allegations in paragraph 25.

26. Quintum denies the allegations in paragraph 26.

27. Quintum denies the allegations in paragraph 27.

## AFFIRMATIVE DEFENSES

Quintum, by way of Affirmative Defenses to Teles' Amended Complaint, says:

## FIRST AFFIRMATIVE DEFENSE

Upon information and belief, Teles fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Upon information and belief, Teles' Complaint is barred by the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

Upon information and belief, Teles' Complaint is barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, Teles' Complaint is barred by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, the making, use, sale, offer for sale and/or importation of any Teles' apparatus, system, device, product or method does not infringe and has not in the past infringed any claim of the '453 or '902 Patents.

## SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, the '453 Patent and '902 Patent are invalid on the grounds that the purported invention fails to meet the conditions of patentability specified in 35 U.S.C. § 1 *et seq.*, including but not limited to, 35 U.S.C. §§ 102, 103 and 112.

## COUNTERCLAIMS

### PARTIES

1. Quintum Technologies, Inc. ("Quintum") is a corporation existing under the laws of Delaware, with a principal place of business located in Eatontown, NJ.

2. Upon information and belief, Teles AG Informationstechnologien ("Teles") is a corporation organized and existing under the laws of Germany.

### JURISDICTION, VENUE, AND ADDITIONAL FACTS

3. This Court has subject matter jurisdiction over Quintum's Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 35 U.S.C. § 1 *et seq.,* and 28 U.S.C. §§ 2201 and 2202.

4. On or about March 24, 2006, Teles commenced a civil action for alleged infringement of the '453 Patent by filing a Complaint in this Court against Quintum. As a consequence, there is an actual justiciable controversy between Quintum and Teles concerning Quintum's alleged infringement of the '453 Patent, and the validity and enforceability of the '453 Patent.

5. This Court has personal jurisdiction over Teles because, *inter alia,* in filing the Complaint, Teles has submitted itself to the jurisdiction of the Court.

6. Venue for Quintum's Counterclaim is proper in this District because Teles filed its Complaint in this District.

7. In Quintum's nullification proceeding against Teles in the Federal Patent Court in Germany seeking a declaration of nullity of European Patent EP 0 929 884 (the counterpart patent of the '453 Patent and the '902 Patent) and DE 196 45 368 (German equivalent of EP 0 929 884), the Federal Patent Court in Germany declared the patents null and void because the patents lacked inventive step.

## FIRST COUNT

(Declaratory Judgment of Noninfringement of the '453 Patent)

8. Quintum repeats and re-alleges the allegations of Paragraphs 1-7 of the Counterclaims as if fully set forth herein.

9. Upon information and belief, Quintum is entitled to a declaratory judgment that the making, use, sale, offer for sale and/or importation by Quintum of any apparatus, system, device, product or method does not infringe and has not in the past infringed any claim of the '453 Patent.

## SECOND COUNT

(Declaratory Judgment of Noninfringement of the '902 Patent)

10. Quintum repeats and re-alleges the allegations of Paragraphs 1-9 of the Counterclaims as if fully set forth herein.

11. Upon information and belief, Quintum is entitled to a declaratory judgment that the making, use, sale, offer for sale and/or importation by Quintum of any apparatus, system, device, product or method does not infringe and has not in the past infringed any claim of the '902 Patent.

## THIRD COUNT

(Declaratory Judgment of Invalidity of the '453 Patent)

12. Quintum repeats and re-alleges the allegations of Paragraphs 1-11 of the Counterclaims as if fully set forth herein.

13. Upon information and belief, Quintum is entitled to a declaratory judgment that the claims of the '453 Patent are invalid on the ground that the purported invention fails to meet the conditions of patentability specified in 35 U.S.C. § 1 *et seq.*

## FOURTH COUNT

(Declaratory Judgment of Invalidity of the '902 Patent)

14. Quintum repeats and re-alleges the allegations of Paragraphs 1-13 of the Counterclaims as if fully set forth herein.

15. Upon information and belief, Quintum is entitled to a declaratory judgment that the claims of the '902 Patent are invalid on the ground that the purported invention fails to meet the conditions of patentability specified in 35 U.S.C. § 1 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Quintum prays for an Order:

1. Dismissing Teles' claims as against Quintum with prejudice;

2. Declaring that the making, use, sale, offer for sale and/or importation by Quintum of any apparatus, system, device, product or method does not infringe and has not in the past infringed any claim of the '453 Patent;

3. Declaring that the '453 Patent is invalid;

4. Declaring that the making, use, sale, offer for sale and/or importation by Quintum of any apparatus, system, device, product or method does not infringe and has not in the past infringed any claim of the '902 Patent;

5. Declaring that the '902 Patent is invalid;

6. Awarding Quintum its costs and attorneys' fees pursuant to 35 U.S.C. § 285; and

7. Granting to Quintum such further relief as the Court may deem appropriate.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*
_____
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com
  *Attorneys for Defendant*
  *Quintum Technologies, Inc.*

OF COUNSEL:

Gerald Levy
Richard H. Brown
John L. Dauer, Jr.
DAY PITNEY LLP
7 Times Square
New York, NY  10036-7311
(212) 297-5800

January 2, 2007

550206

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 2, 2007, I caused to be electronically filed the ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT AND COUNTERCLAIMS OF DEFENDANT QUINTUM TECHNOLOGIES, INC. with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Steven J. Balick
> Ashby & Geddes

I also certify that copies were caused to be served on January 2, 2007, upon the following in the manner indicated:

**BY EMAIL AND HAND**

Steven J. Balick
Ashby & Geddes
500 Delaware Avenue, 8th Fl.
Wilmington, DE  19801

**BY EMAIL FEDERAL EXPRESS**

Michael D. Kaminski
Foley & Lardner LLP
3000 K Street, N.W., Suite 500
Washington, DC  20007-5109

Andrea M. Augustine
Foley & Lardner LLP
321 North Clark, Suite 2800
Chicago, IL  60610

> */s/ Rodger D. Smith II*
> Rodger D. Smith II (#3778)
> Morris, Nichols, Arsht & Tunnell LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899-1347
> (302) 658-9200
> rsmith@mnat.com