```
 1                IN THE UNITED STATES DISTRICT COURT

 2                IN AND FOR THE DISTRICT OF DELAWARE

 3                              - - -

 4
      TELES AG                        :   CIVIL ACTION
 5    INFORMATIONSTECHNOLOGIEN,       :
                                      :
 6              Plaintiff,            :
                                      :
 7         vs.                        :
                                      :
 8    QUINTUM LLC,                    :
                                      :
 9              Defendant.            :   NO. 06-197 (SLR)

10
                                    - - -
11
                                   Wilmington, Delaware
12                                 Wednesday, May 21, 2008
                                   2:00 o'clock, p.m.
13                                 ***Telephone conference

14                              - - -

15    BEFORE:  HONORABLE SUE L. ROBINSON, U.S.D.C.J.

16                              - - -

17    APPEARANCES:

18
                ASHBY & GEDDES
19              BY:  STEVEN J. BALICK, ESQ.

20
                            -and-
21

22

23

24                                       Valerie J. Gunning
                                         Official Court Reporter
25
```

```
 1   APPEARANCES (Continued)

 2

 3            FOLEY & LARDNER
              BY:  ANDREA M. AUGUSTINE, ESQ.
 4                 (Chicago, Illinois)

 5
              Counsel for Plaintiff
 6

 7

 8            MORRIS, NICHOLS, ARSHT & TUNNELL
              BY:  RODGER D. SMITH, ESQ.
 9

10                      -and-

11
              DAY PITNEY LLP
12            BY:  RICHARD H. BROWN, ESQ. and
                   JOHN L. DAUER, JR., ESQ.
13                 (New York, New York)

14
              Counsel for Defendant
15

16
                          - - -
17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2
 3              (REPORTER'S NOTE:  The following telephone
 4   conference was held in chambers, beginning at 2:00 p.m.)
 5
 6              THE COURT:  Good afternoon, counsel.  This is
 7   Judge Robinson, and Valerie is here as our Court Reporter.
 8              It would be helpful if you identified yourselves
 9   when you spoke so that the record is clear.
10              I had hoped to have a conversation with you
11   before you threw too many motions at me, because I've got
12   more motions than I can handle.
13              And I guess my question is this:  Local counsel,
14   you should know that I rarely transfer and I rarely stay a
15   case pending re-examination because that process generally
16   takes much longer than a trial does, so I guess I'm
17   wondering why anyone thought it was worth my scarce judicial
18   resources to consider a motion to transfer a case to a court
19   where the judge has just stayed a case pending
20   re-examination.
21              MR. SMITH:  Your Honor, this is Rodger Smith, at
22   Morris Nichols.
23              We've obviously talked with our client and my
24   co-counsel and explained to them that it would require some
25   unique circumstances to justify either a transfer or a stay
```

1    here, and I will let Mr. Brown, Rich Brown, from Dave
2    Pitney, chime in as well.
3             But after looking at the case, and given, as we
4    understood it, the main reason that courts don't like to
5    stay cases pending re-exam is the potential prejudice to the
6    plaintiff or the patentee, and here, in part, because they
7    are entitled to get to trial quickly, whereas here, the case
8    has actually been on ice for quite a while and would suggest
9    perhaps there's a different circumstance where there's less
10   of a rush to get the patentee to trial here.  And layer on
11   to that the fact the case in D.C., the same patents, same
12   claims, have been stayed.  It was our judgment that may be
13   the exception that proves the rule, so to speak, that might
14   be the case where your Honor would be interested in staying
15   pending re-exam.
16            I will let Mr. Brown add any additional thoughts
17   he has.
18            MR. BROWN:  This is Richard Brown.
19            That was essentially our calculus and our
20   rationale, your Honor.
21            THE COURT:  Okay.  Well, you know, I have never
22   found a re-examination to be helpful, let alone dispositive,
23   because there are always appeals afterwards.  It's just one,
24   the first administrative step of a long, painful,
25   inexplicable process, and it's rare that they even come

1  to a conclusion before, as I said, my cases have gotten to
2  trial.
3         So I don't know how you all got Judge Walton to
4  agree to it, but it seems to me that this just does not
5  present any issues that I have not seen before, and I'm just
6  simply not inclined to do anything but, you know, start the
7  process where we left off.
8         So rather than spend even more money of your
9  clients on this, I am going to deny the motion to transfer
10 or, in the alternate, to stay, here on the record, and I'm
11 sure you all are prepared to think about how we get to a
12 trial. And, obviously, if things change in the meantime,
13 you can always address this issue again.
14        But I think it is in everyone's best interest,
15 particularly -- well, the way we handle things in this
16 district, we get to trial, maybe not on a rocket docket, but
17 we slowly and inextricably get to trial.
18        I would like to set a conference some time in
19 the next month, a scheduling conference, to get us back on
20 track again.
21        MR. KAMINSKI: Your Honor, this is Mike
22 Kaminski, for Teles.
23        We had, the plaintiff has sent to the defendant
24 a draft schedule and a motion for scheduling order for your
25 Honor's consideration, and we would be pleased to move

```
 1    forward and to attend a scheduling conference at your
 2    Honor's convenience in the next few weeks to get the process
 3    started.
 4              THE COURT:  Well, I certainly don't want a
 5    motion to that effect.  Let me give you a date so that at
 6    that time, you all can work together and submit something
 7    for me as we would in any other case.
 8              And I'm looking at June 25th, at --
 9              MR. BROWN:  Your Honor, this is Richard Brown.
10              That week will be bad for me, June 25th.
11              THE COURT:  Okay.  How about the following week?
12              MR. BROWN:  That would be okay.
13              THE COURT:  Well, I would say 8:30 on Tuesday,
14    July 1st.
15              MR. BROWN:  Yes, your Honor.
16              THE COURT:  And it's a telephone conference, and
17    I expect you all to work, to the extent you can, to get a
18    proposed scheduling order to me for me to work on, work
19    from, in that regard.  And we will issue an order to that
20    effect.  Certainly, the form you should use is on my website
21    and I will look forward to talking to you then.
22              MR. BROWN:  Your Honor, this is Richard Brown.
23              May I just -- I wasn't expecting you to issue a
24    ruling on the motion, but I do think it really does present
25    some unique circumstances.  In fact, because they're the
```

1   exact same claims in the same case, on the one patent,

2   they're the exact same claims in the earlier filed case in

3   the District of Columbia and in this case, and the

4   re-examinations were filed and granted last year, so I think

5   your Honor's concern about there just being interminable

6   delays I don't think will be present in this case, at least

7   to the extent that there may be in other cases.

8              Also, I think there are significant -- there are

9   significant economies if one -- one court handles both of

10  these cases.

11             MR. KAMINSKI:  Your Honor, this is Mike

12  Kaminski.

13             Of course, we have a totally different view of

14  the, quote unquote, "uniqueness," but I would defer to you,

15  your Honor, if you want me to talk or respond.

16             THE COURT:  No.  I've made my decision and we'll

17  go from there.

18             Thank you very much, counsel.

19             (Counsel respond, "Thank you, your Honor.")

20             (Telephone conference concluded at 2:14 p.m.)

21                           -  -  -

22

23

24

25